IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**TERRI McGUIRE-MOLLICA,**

    **Petitioner,**

v.                                        Case No. 5:24-cv-288-AW-MAL

**WARDEN FPC MARIANNA,**

    **Respondent.**

_____/

## ORDER APPROVING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION

Petitioner Terri McGuire Mollica filed a § 2241 habeas petition alleging that the Bureau of Prisons incorrectly calculated her release date by (1) wrongfully denying her 50 days of earned First Step Act credit and (2) wrongfully treating 14 months of her sentence as consecutive rather than concurrent, thus extending her total term. ECF No. 2.

The magistrate judge issued a report and recommendation concluding the court should deny all requested relief. ECF No. 14. Mollica twice filed objections. ECF Nos. 21, 24. (I have construed the "Motion to Strike," ECF No. 21, as an objection.) Those objections are deemed timely, and I have considered the matter de novo.

**PRELIMINARY MATTERS**

At the outset, I note that Mollica properly brought her petition under § 2241 because she challenges the execution of her sentence and not its validity. *See*

1

*Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008); *Bishop v. Reno*, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000). The BOP's calculation of Mollica's aggregate sentence under two separate judgments relates to the sentences' execution.[1]

Next, this District is the appropriate venue because Mollica was incarcerated here (in Marianna, Florida) when she initiated the case. And her facility's warden is the proper respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435, 443 (2004) (explaining that "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held" and that "jurisdiction lies in only one district: the district of confinement"). The fact that Mollica is now incarcerated in Arizona, *see* ECF No. 15, does not change things. *See id.* at 441 ("[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." (citing *Ex parte Endo*, 323 U.S. 283 (1944))); *see also In re Hall*, 988 F.3d 376, 378 (7th Cir. 2021) (requiring district court to rescind transfer after it

---

[1] The government notes that Mollica's plea agreement contained a "comprehensive appeal and post-conviction relief waiver." ECF No. 12 at 2 n.1. But the government does not argue that the plea agreement provides a basis to deny relief here. In any event, it is unclear how such a waiver could limit challenges to a sentence's execution.

transferred habeas petition based on prisoner's post-filing relocation); *Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014) ("Jurisdiction attached on that initial filing for habeas corpus relief, and it was not destroyed by the transfer of petitioner and accompanying custodial change." (collecting cases)).

Finally, courts can accept government concessions regarding exhaustion because exhaustion is not jurisdictional for § 2241 proceedings. *Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015). Here, the government concedes Mollica has exhausted her administrative remedies. *See* ECF No. 12 at 3. With these matters out of the way, I can turn to the merits.

## FIRST STEP ACT CREDITS

Mollica first contends BOP is improperly denying her 50 days of earned First Step Act (FSA) credit. ECF No. 3 at 1-3. But as the magistrate judge correctly concluded, Mollica did not establish that the programming she engaged in qualified as FSA-eligible programming. *See* ECF No. 14 at 6-8. I adopt that portion of the report and recommendation and incorporate it into this order.

The parties also seem to dispute when an inmate can start earning FSA credits. *See* ECF No. 3 at 2; ECF No. 12 at 12-14. A BOP regulation says "[a]n eligible inmate begins earning FSA Time Credits after . . . the inmate arrives . . . at the designated Bureau of Prisons facility where the sentence will be served." 28 C.F.R. § 523.42(a). But Mollica argues controlling statutes nonetheless allow inmates to

earn credits during transport *to* their designated facility—before they arrive. ECF No. 3 at 2-3; ECF No. 24 at 2. The magistrate judge agreed with Mollica, but I need not reach the issue because Mollica loses either way: Mollica did not participate in qualifying programming. That conclusion is enough to resolve this portion of Mollica's petition.

## CONCURRENT 14 MONTHS

Mollica also contends the BOP improperly calculated her aggregate term of imprisonment by refusing to run 14 months of her sentences concurrently. I agree. BOP acknowledges it computed Mollica's aggregate term as 232 months. *See* ECF No. 12-1 at 3. Mollica contends her aggregate term (before any other credits or other adjustments) should be 218 months, 14 months less.

Mollica's aggregate sentence stems from two judgments in two separate cases. The first judgment dealt with a single count and stated:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a **TOTAL OF 28 MONTHS** as to count 1, (14 months for underlying offense to run CONCURRENTLY with sentence to be imposed in 2:14-cr-329-KOB-HGD, and 14 months based on enhancement at 18 USC 3147, to run CONSECUTIVELY to any other term of imprisonment—this term is mandatory by statute).

ECF No. 12-2 at 9 (attaching N.D. Ala. 2:15-cr-224, ECF No. 15) (emphasis in original). Thus, the first written judgment explicitly states that 14 months would be

4

concurrent with the second (not-yet-then imposed) sentence and 14 months would be consecutive to it.

>Then, the second written judgment stated:

>The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **ONE HUNDRED EIGHTY (180)** months on each of counts 5, 9, 11, 19, 20, 21, 25, 26, 32, 33, 36, 51, 53 and 54; **ONE HUNDRED TWENTY (120) months** on each of counts 56, 60, 68 and 76; **SIXTY (60) months** on each of counts 70 and 73; **EIGHTEEN (18)** months on each of counts 78, 79, 80, and 81, all to run separately and concurrently, followed by a mandatory, consecutive sentence of **TWENTY-FOUR (24)** months as to count 77, for a total sentence of **TWO HUNDRED FOUR (204) months**.

*See* ECF No. 12-2 at 15 (attaching N.D. Ala. 2:14-cr-329, ECF No. 64-2) (emphasis in original). On its face, the second written judgment neither adopts nor rejects the first written judgment's concurrent/consecutive designation. It simply does not mention it.

In the government's view, because the second judgment was silent about the first judgment, both terms run consecutively. *See* ECF No. 12 at 6 (citing 18 U.S.C. § 3584(a) ("[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently")). The problem with that argument is that the first judgment is not silent about its relationship with the second judgment—or about the concurrent nature of 14 months of the sentence. If the first judgment were also silent, then the two terms would run consecutively under § 3584(a). *See Keys v. Warden, FCC Coleman*, 2022 WL

5

333261, at *1 (11th Cir. Feb. 4, 2022) ("The record demonstrates that the district court correctly found that the BOP properly treated Keys's sentences as consecutive because they were imposed at different times, and *both judgments were silent* as to whether the sentence would run concurrently or consecutively to any other sentence." (emphasis added)). Likewise, if the first judgment specified that the entire term would be consecutive to the to-be-imposed second sentence (and the second sentence did not indicate otherwise) the two terms would be entirely consecutive. But here, the first judgment *did* specify that 14 months of the sentence was to run concurrent with the to-be-imposed second sentence.

As the report and recommendation explained, an unpublished Eleventh Circuit opinion concluded that when one federal court imposes a sentence to be concurrent with a to-be-imposed federal sentence, the second federal judge can reject the designation in the first judgment and order a consecutive sentence. *United States v. Rivas,* 649 F. App'x 761, 762 (11th Cir. 2016). But that is not our situation. Here, nothing in the second judgment (or underlying record) indicates the second judge intended to reject the first judge's determination regarding concurrent sentences. Because the first judgment is explicit about its relationship to the second judgment, the second judgment's mere failure to mention the first judgment did not amount to a rejection or modification of the concurrent designation.

Focusing on the second judgment, its silence under these circumstances creates (at most) an ambiguity. When there is ambiguity, it is the intent of the sentencing judge that controls, and that is determined by referring to the entire record. *See United States v. Bull*, 214 F.3d 1275, 1279 (11th Cir. 2000); *United States v. Purcell*, 715 F.2d 561, 563 (11th Cir. 1983). Here, reviewing the entire record, I conclude the second judge intended to leave the first judge's determination undisturbed and to allow 14 months to run concurrently.

The sentencing transcript clearly shows that the second judge understood the concurrent 14 months the first judge ordered. *See* N.D. Ala. 2:14-cr-329, ECF No. 89 at 15:16-16:9 (judge's clarifying for Mollica's lawyer that as to the first judgment "fourteen months of it would run concurrently" and "[f]ourteen months consecutive"); *id.* at 18:9-10 ("[A]gain, [the first sentencing judge] imposed half of that to run concurrently with my sentence here."). And nothing in that transcript suggests the second judge intended to alter or reject the first judge's determination that part would be concurrent. All mentions of the earlier imposed judgment were consistent with an intent to give full effect to its terms as written.

For these reasons, I conclude the two sentences should be concurrent in part, consistent with the first sentencing judge's explicit direction. As an aside, I also note that Mollica's second sentence was imposed only after the Eleventh Circuit affirmed the substantive reasonableness of her first sentence. The Eleventh Circuit's opinion

also referenced the first judgment's concurrent/consecutive designation, discussing it as though it was effective. *See United States v. Mollica*, 655 F. App'x 726, 728 (11th Cir. 2016) ("Because the sentence for the underlying crime is set to run concurrent to the sentence that Mollica will receive for her fraud convictions, the district court included the 14-month sentence imposed consecutively under § 3147 to send a message against this kind of behavior."). The government's appellate brief also acknowledged that "[t]he district court sentenced Mollica to 28 months of imprisonment: 14 months on the instant offense to run concurrently with the sentence to be imposed in Case No. 2:14-cr-329-KOB-HGD and 14 months under 18 U.S.C. § 3147, to run consecutively to any other term of imprisonment." Appellee's Br. (2016 WL 1295720) at *2; *see also id.* at *8.[2] Thus, even before the second sentencing hearing, the record reflected a consensus understanding that the first judgment imposed 14 months concurrent and 14 months consecutive to whatever sentence the second judgment imposed.

The Supreme Court has made clear that it is not up to BOP to choose between concurrent and consecutive sentences. *See Setser v. United States*, 566 U.S. 231,

---

[2] It is also worth noting that in response to a compassionate release motion, the government said "Mollica's total prison obligation is 218 months," which would contemplate 14 months' concurrent. *See* N.D. Ala. 2:14-cr-329, ECF No. 139 at 12 n.8. Thus, the government has acknowledged the partially concurrent sentences both before and after her second sentence was imposed.

238-39 (2012). That determination is left to judicial discretion as part of the courts' sentencing authority. *Id.* Here, based on my review of the record, I conclude the courts used their sentencing authority to impose partially concurrent sentences.

## CONCLUSION

Mollica has not demonstrated entitlement to the extra days of FSA credit she seeks. The court adopts the report and recommendation to the extent it addresses this issue. And Mollica's petition is DENIED to the extent it seeks FSA credit.

Mollica has demonstrated that the BOP has improperly calculated her total aggregate term of imprisonment as 232 months by refusing to run 14 months of her sentence in case number 2:15-cr-224 (N.D. Ala.) concurrently with her sentence in case number 2:14-cr-329 (N.D. Ala.). The petition is GRANTED (and the report and recommendation is rejected) as to this issue.

Mollica's Motion to Expedite (ECF No. 17) and her motion for summary judgment (ECF No. 19) are DENIED as moot.

The clerk will seal ECF No. 12-2, which contains Mollica's personal and medical information.

The clerk will enter a judgment that says, "Petitioner's § 2241 habeas petition is GRANTED in part. Respondent shall correct Mollica's sentence computation to reflect that 14 months of her sentence from 2:15-CR-224 (N.D. Ala.) will run concurrently with her sentence from 2:14-CR-329 (N.D. Ala.)."

The clerk will then close the file.

SO ORDERED on October 7, 2025.

                                              s/ *Allen Winsor*
                                              Chief United States District Judge